JUSTICE TRIEWEILER
concurring and dissenting.
¶33 I concur with the result of the majority Opinion, however, I do not agree with all that is stated in that Opinion and, in fact, conclude that the Opinion is unnecessarily based, in part, on a completely erroneous conclusion of law.
¶34 I concur with the majority’s conclusion that the provision in § 53-2-612(3)(c), MCA, for distribution of the “remainder” of settlement proceeds to a medicaid recipient is not applicable to the proceeds recovered from Montana’s suit against tobacco manufacturers because that suit was not brought pursuant to § 53-2-612, MCA. Furthermore, while the terms of the master settlement agreement are a model of unnecessarily complex legalese and at times internally inconsistent, I concur that when reading the State’s amended complaint in combination with certain terms of the agreement, individual claims for compensation have not been released by the State’s participation in the MSA.
¶35 I disagree with the majority’s statement in ¶ 29 that under both federal and state medicaid law, the only claims assigned to the State of Montana by medicaid recipients are those for recovery of benefits paid by the State of Montana. The assignment statute, which is virtually ignored in the majority Opinion, is § 53-2-613, MCA. It provides in relevant part that:
(2) A person who signs an application for financial assistance, as defined in 53-2-902, or for related medical assistance assigns to the state, to the department, and to the county, if county funds were used to pay for services, all rights that the applicant may have to monetary and medical support from any other person in the applicant’s own or in behalf of any other family member for whom application is made. A person who signs an application for public assistance other than financial assistance, as defined in 53-2-902, or for related medical assistance may, in accordance with rules adopted by the department, be required to assign to the state, to the department, and to the county all rights that the applicant may have to monetary and medical support from any other person in the applicant’s own behalf or on behalf of any other family member for whom application is made.
¶36 Although subparagraph (3) of § 53-2-613, MCA, makes the assignment specifically applicable to paid and accrued but unpaid benefits, there is no language in § 53-2-613, MCA, which limits the *363 assignment of “all rights the applicant may have” to only those amounts paid by the State. Nor is there any citation in ¶ 29 of the majority Opinion to statutory authority for the incorrect statement.
¶37 However, that part of the majority Opinion with which I most strongly disagree and which is unnecessary to the majority’s decision or review of the District Court’s judgment, and therefore merely misleading dicta, is the majority’s conclusion in ¶ 24 that even if the “remainder” provision in § 53-2-612(3)(c), MCA, was applicable to the facts of this case, it has been preempted by 42 U.S.C. § 1396b(d)(3) enacted in 1999. That federal statute, by its plain language, does not apply to the “remainder” provision found in § 53-2-612(3)(c), MCA, which in fact is based on 42 U.S.C. § 1396k-a statute which was unamended by 42 U.S.C § 1396b(d)(3). Section 1396b(d)(3) relates simply to a state’s obligation to reimburse the federal government its proportionate share of medicare expenditures that the state recovers from third parties. It provides that that obligation “shall not apply to any amount recovered or paid to a state as part of the comprehensive settlement of November 1998 between manufacturers of tobacco products ... and State Attorneys General....” 42 U.S.C. § 1396b(d)(3)(B)(i). That amendment in no way affects the separate obligation provided for in 42 U.S.C. § 1396k(b) to reimburse individual recipients for amounts recovered from third parties over and above what is necessary to reimburse the State for its portion of payments made on behalf of those recipients. The majority’s inclination to march lockstep with federal courts that have considered the effect of the 1999 amendment is of little consolation. It is very rare, in my experience, for any federal court not to embrace even the wildest notion of federal preemption. Had the State in fact sought to recover damages sustained individually by Donald C. Robinson pursuant to the assignment provided for at § 53-2-613(2), MCA, and been successful in that effort, I would conclude that the “remainder” provision in 42 U.S.C. § 1396k is applicable. However, I conclude that that is not the case.
¶38 For these reasons, while I concur with the result of the majority Opinion, I do not agree with all that is stated therein and dissent with the majority’s interpretation and application of 42 U.S.C. § 1396b(d)(3)(B)(i).